UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Anthony McGinnis, | Case No.: 15-cv-02812-JLS-JLB |
|---|---|
| Plaintiff, | **Order Denying Motion to Request Appointment of Counsel** |
| v. | |
| A.T. Ramos, | |
| Defendant. | [ECF No. 21] |

Before the Court is Plaintiff's motion requesting the appointment of counsel (ECF No. 21). Having reviewed Plaintiff's request for counsel in conjunction with the case record, the Court concludes that Plaintiff fails to meet the criteria for the Court to appoint him counsel. Plaintiff's motion is DENIED.

There is no constitutional right to the appointment of counsel in §1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§1983 action), cert. denied, 130 S. Ct. 1282 (2010). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id*. (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)).

First, Plaintiff offers no argument to the effect that he has a likelihood of success on the merits. Arguably, "it is too early to determine the likelihood of success on the merits" given that "it is not certain whether" Plaintiff's amended complaint will survive Defendant's pending motion to dismiss and anticipated motion for summary judgment. *See Garcia v. Smith*, No. 10cv1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27,

2012) (citations omitted).  Therefore, the first "exceptional circumstances" factor does not support Plaintiff's request for appointment of counsel.

Second, Plaintiff argues circumstances exist for the appointment of counsel because he cannot prosecute his case effectively given his status as a state prisoner, limited access to the law library, lack of knowledge, education, and training about the law, indigent status, and the complexity of the case.  (ECF No. 21.)  Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by prisoners representing themselves pro se.  And, although Plaintiff argues this case is complex, Plaintiff's filings to date are well-written and demonstrate that he is able understand and articulate the essential facts supporting his claims.  Thus, at least at this initial pleading stage, the Court finds Plaintiff has demonstrated and an adequate understanding of the relevant facts as well as the legal issues involved.  Therefore, the second "exceptional circumstances" factor also does not support Plaintiff's request for appointment of counsel.

Plaintiff's request for counsel is denied.

Dated:  December 9, 2016

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge