UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>A.T. RAMOS,<br><br>　　　　　　　　　Defendant. | Case No.:  15-cv-2812 JLS (JLB)<br><br>**REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>[ECF No. 9] |

Plaintiff Anthony McGinnis, a state prisoner proceeding *pro se* and *in forma pauperis*, filed the operative complaint pursuant to 42 U.S.C. § 1983 against Defendant A.T. Ramos, a Correctional Officer at Calipatria State Prison, on December 8, 2015.[1] (ECF No. 1.)  Presently before the Court is Defendant Ramos's motion to dismiss Plaintiff's complaint.  (ECF No. 9.)

---

[1] Pursuant to the mailbox rule, the Court deems the date Petitioner delivered his complaint to prison authorities for mailing as the date the document was filed.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a notice of appeal by a *pro se* prisoner was deemed filed at the moment the prisoner delivered it to prison authorities for forwarding to the clerk of court because prisoners are unable to control the time of delivery of their documents).

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of Plaintiff's complaint, Defendant's motion to dismiss, the record in this case, and the applicable law, the Court hereby **RECOMMENDS** that Defendant's motion to dismiss (ECF No. 9) be **GRANTED IN PART** and **DENIED IN PART**.

I.   FACTUAL BACKGROUND[2]

Plaintiff is a state prisoner currently located at the Richard J. Donovan Correctional Facility in San Diego, California. (ECF No. 1 at 1.)[3] At the time of the events alleged in Plaintiff's complaint, Plaintiff was located at Calipatria State Prison. (*Id.* at 3.)

On December 11, 2012, Defendant transported Plaintiff to an optometry appointment outside of the prison. (*Id.*) When Plaintiff and Defendant returned to the prison, Defendant instructed Plaintiff to exit the transport van while Plaintiff was restrained by leg shackles. (*Id.* at 3–4.) Because the floor of the transport van was too far above the ground for Plaintiff to safely exit the vehicle, Plaintiff requested that Defendant remove Plaintiff's leg restraints and place a stable step in front of the van's sliding door. (*Id.* at 4.) Defendant did not remove Plaintiff's leg shackles, and he placed a milk crate on the ground in front of the van's door. (*Id.*)

Plaintiff, noticing the milk crate was not placed on level ground, communicated to Defendant that the milk crate was an inappropriate and dangerous means to exit the van, especially while Plaintiff's legs were constrained. (*Id.*) Defendant instructed Plaintiff to exit the van without further delay. (*Id.*) When Plaintiff stepped onto the milk crate to

---

[2] Plaintiff's allegations contained in the operative complaint are accepted as true for purposes of assessing Defendant's motion to dismiss only. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (holding that for purposes of ruling on a motion to dismiss, all factual allegations contained in the complaint must be accepted as true).

[3] All page number citations in this Report and Recommendation refer to the page numbers generated by the Court's CM/ECF system.

exit the van, the crate slipped from under Plaintiff's foot and Plaintiff fell onto his left knee. (*Id.* at 5.) The fall caused injuries to Plaintiff's left knee and thigh, and it aggravated pre-existing injuries to Plaintiff's left lower back and hip. (*Id.*)

After the fall, Defendant grabbed Plaintiff and pulled him up from the ground forcefully, causing Plaintiff further pain. (*Id.*) Defendant then forced Plaintiff to walk to the prison's Central Infirmary to seek medical attention while injured, limping, and still restrained by leg shackles. (*Id.*) When the prison's medical staff asked Defendant why he did not use the stepping stool designated for assisting inmates in exiting transportation vans, Defendant responded that he "didn't have time to get it," thus indicating that Defendant knew of the stepping stool's existence, availability, and intended purpose. (*Id.* at 5–6.)

## II.   PROCEDURAL HISTORY

Plaintiff initiated the present action by filing a complaint with this Court on December 8, 2015. (*Id.* at 9.) Plaintiff's complaint alleges that Defendant's actions discussed above amount to violations of Plaintiff's Eighth Amendment rights, and to assault and "intentional negligence" under California law. (*Id.* at 3–5.)

Defendant filed his motion to dismiss the complaint on April 26, 2016. (ECF No. 9.) Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that Plaintiff failed to timely file both his federal and state law claims. (*Id.*)

The Court ordered Plaintiff to file an opposition to Defendant's motion to dismiss by May 27, 2016. (ECF No. 10.) Upon Plaintiff's request, the Court extended this date twice, first to July 15, 2016, and then to August 15, 2016. (ECF Nos. 13, 19.) Despite receiving two extensions of time to file an opposition to Defendant's motion to dismiss, Plaintiff did not file an opposition. Plaintiff filed a motion for appointment of counsel on November 25, 2016 (ECF No. 21), which the Court denied on December 9, 2016 (ECF No. 22).

///

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

When ruling on a motion to dismiss, courts may generally consider only the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007). Courts must accept all factual allegations in the complaint as true and construe all inferences from the pleadings in the light most favorable to the nonmoving party. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). With respect to an inmate who proceeds *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).
///

## IV. DISCUSSION

### A. Defendant's Request for Judicial Notice

In support of his motion to dismiss, Defendant requests that the Court take judicial notice of: (1) Plaintiff's complaint in this action; (2) the abstract of judgment from Plaintiff's state court action; and (3) Plaintiff's claim filed with the Victim Compensation and Government Claims Board and the Claims Board's rejection of Plaintiff's claim. (ECF No. 9-1.)

Rule 201 of the Federal Rules of Evidence governs judicial notice. Rule 201 states, in relevant part, that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of its own records, *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997), of other courts' proceedings—both within the federal judiciary and without—if the proceedings relate directly to matters presently before the court, *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992), and of records of an administrative body, including the California Victim Compensation and Government Claims Board, *Lucarelli v. Dillard*, No. C-05-1590 MMC, 2005 WL 2397520, at *2 n.3 (N.D. Cal. Sept. 28, 2005) (citing *Oregon Ass'n of Homes for the Aging, Inc. v. Oregon*, 5 F.3d 1239, 1243 n.2 (9th Cir. 1993)). Further, a court may "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of ruling on a motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

Here, Defendant requests that the Court take judicial notice of its own records, the records of a state court that relate directly to the instant action, and the records of the California Victim Compensation and Government Claims Board. As noted above, this Court may take judicial notice of these records and consider them for purposes of ruling

on Defendant's motion to dismiss. Accordingly, the Court recommends that Defendant's requests for judicial notice be **GRANTED**.

### B. Defendant's Motion to Dismiss

#### 1. Plaintiff's § 1983 Claims

Defendant argues that Plaintiff's Eighth Amendment claims filed pursuant to 42 U.S.C. § 1983 should be dismissed because Plaintiff failed to file them within the two-year period provided by the applicable statute of limitations. (ECF No. 9-2 at 5–6.)

##### a. Accrual of Plaintiff's Claims

Defendant argues that Plaintiff's claims accrued on December 11, 2012. (ECF No. 9-2 at 5.) The Court agrees. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999) (citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996)). Here, the complaint demonstrates that Plaintiff knew of his injuries giving rise to his claims on December 11, 2012, the day that Plaintiff fell while exiting the prison transport van. Plaintiff asserts that the prison's medical staff assessed his injuries resulting from the fall almost immediately after the fall occurred. (ECF No. 1 at 5.) Accordingly, Plaintiff knew of his injuries, and therefore his claims accrued, on December 11, 2012.

##### b. Applicable Statute of Limitations

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for a personal injury claim in § 1983 actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for a personal injury claim is two years. Cal. Civ. Proc. Code § 335.1; *Jones*, 393 F.3d at 927. Therefore, absent any tolling, Plaintiff was required to file his claims brought under § 1983 within two years of December 11, 2012.

##### c. Applicable Tolling Provisions

When applying state statutes of limitations in § 1983 actions, federal courts also apply corresponding state law tolling provisions. *TwoRivers*, 174 F.3d at 992. Section

352.1 of the California Code of Civil Procedure provides tolling for the disability of imprisonment. Specifically, § 352.1 states,

> If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Civ. Proc. Code § 352.1(a).[4]

Here, Plaintiff is serving a life sentence without the possibility of parole. (ECF No. 9-1 at 4.) Therefore, Defendant argues, the tolling benefit of § 352.1 does not apply to Plaintiff. (ECF No. 9-2 at 6.) The Court agrees.

By its plain language, § 352.1 provides tolling only for inmates serving "a term less than for life," which would seem to exclude prisoners sentenced to life terms. However, in *Grasso v. McDonough Power Equipment, Inc.*, the California Court of Appeal ruled that prisoners serving life sentences *with* the possibility of parole should receive the benefit of the tolling provision. 70 Cal. Rptr. 458, 460–61 (1968). The court reasoned that, at the time the predecessor statute to § 352.1[5] was passed, parole did not exist and a life sentence "was literally a life sentence." *Id.* at 460. However, the court reasoned, with the introduction of parole and indeterminate sentences, a defendant sentenced to life with the possibility of parole is actually sentenced to "a term less than for life" as that phrase was understood at the time the statute was enacted. *Id.* at 460–61. The California Court of Appeal recently confirmed that *Grasso* remains good law and also clarified that under

---

[4] Section 352.1(c) of the California Code of Civil Procedure specifically excludes from this tolling § 1983 actions relating to the conditions of confinement, except for actions to recover damages. Because Plaintiff seeks damages (ECF No. 1 at 8), § 352.1(c) does not apply here.

[5] At the time *Grasso* was decided, California Code of Civil Procedure § 352.1 was numbered as § 352(a)(3) and provided for tolling of a statute of limitations for the entirety of a prisoner's sentence. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Section 352.1 became effective on January 1, 1995, and limited the tolling available to prisoners to only two years. *See id.*

*Grasso*, "a term less than for life" excludes from this tolling provision only prisoners sentenced to life *without* the possibility of parole. *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 6–7 (2016) (emphasis added). Accordingly, under California law, the two-year tolling period provided by § 352.1 does not apply to Plaintiff.

However, even though § 352.1 does not apply to Plaintiff's § 1983 claims, Defendant's motion to dismiss must still be denied because Defendant has not shown that it is apparent on the face of the complaint that Plaintiff's § 1983 claims are untimely. The Prison Litigation Reform Act ("PLRA") requires that a state prisoner exhaust his available prison administrative remedies before proceeding to federal court. 42 U.S.C. § 1997e(a). The Ninth Circuit has specifically held that the applicable statute of limitations must be tolled while a prisoner completes this mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005).

Here, Plaintiff asserts in his complaint that he "brought each of the claims raised in this complaint in an administrative appeal, which he exhausted through the Third and Final level of Review on an Inmate/Parolee Appeal Form." (ECF No. 1 at 7.) For purposes of ruling on Defendant's motion to dismiss, the Court must accept as true Plaintiff's statement that he exhausted his administrative remedies. *See Erickson*, 551 U.S. at 94. Accordingly, the two-year statute of limitations applicable to Plaintiff's § 1983 claims was tolled during the period that Plaintiff exhausted his prison administrative remedies.

Plaintiff neither appended to his complaint copies of his administrative appeal forms nor asserted in the complaint the dates on which he filed and received responses to his prison administrative appeals. Therefore, the specific tolling period that applied to Plaintiff's § 1983 claims is not apparent on the face of the complaint. It is plausible that it took Plaintiff approximately one year to complete the exhaustion process mandated by the PLRA and that Plaintiff was therefore entitled to tolling of the applicable two-year

statute of limitations during that period.[6] Accordingly, this Court cannot conclude that it is "beyond doubt that [Plaintiff] can prove no set of facts that would establish the timeliness of [his] claim." *Von Saher*, 592 F.3d at 969. For this reason, the Court recommends that Defendant's motion to dismiss Plaintiff's § 1983 claims be **DENIED**.

### 2.     Plaintiff's State Law Claims

Defendant argues that Plaintiff's state law claims of assault and negligence should be dismissed on the ground that Plaintiff did not timely comply with the requirements of the California Government Claims Act. (ECF No. 9-2 at 6–8.)

The California Tort Claims Act, commonly referred to as the California Government Claims Act, requires a person asserting a tort claim against a California governmental entity or employee to present his claim to the California Victim Compensation and Government Claims Board before filing an action for damages against that entity or employee. Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950–950.2.

The California Government Claims Act has strict time limits for both presenting a claim to the Claims Board and filing a court action after the Claims Board rejects the claim. First, a person must present his tort claim to the Claims Board within six months of the accrual of the claim. Cal. Gov't Code § 911.2. Presentation of a written claim, and action on or rejection of the claim by the Claims Board, are conditions precedent to filing a suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208–09 (2007). Thereafter, any suit based on the claim presented to the Claims Board must be commenced within six months from the date the Claims Board's written notice of rejection is deposited in the mail. Cal. Gov't Code § 945.6(a)(1); *Clark v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010). The statutes of limitations that are applicable to tort claims against private

---

[6] While the Court acknowledges that prison officials are ordinarily required to respond promptly to a prisoner's administrative appeal, *see* Cal. Code. Regs., tit. 15, §§ 3084.5(a)(3), 3084.6(b), for purposes of ruling on Defendant's motion to dismiss, the Court cannot assume that the prison officials who responded to Plaintiff's administrative appeal did not delay in doing so. *See Cahill*, 80 F.3d at 337–38 (noting that courts must construe all inferences from the pleadings in the light most favorable to the nonmoving party).

defendants under California law do not apply to tort claims that require presentation to the Claims Board. *Cnty. of Los Angeles v. Sup. Ct.*, 127 Cal. App. 4th 1263, 1267 (2005).

Here, Plaintiff submitted a claim to the Claims Board on or around February 15, 2013. (ECF No. 9-1 at 11–12.) He supplemented his claim on or around March 6, 2013. (*Id.* at 9.) He was informed that the Claims Board rejected his claim in a letter dated March 29, 2013. (*Id.* at 7.) The Claims Board's rejection letter specifically advised Plaintiff that he had "only six months from the date th[e] notice was personally delivered or deposited in the mail to file a court action on this claim." (*Id.*) Thus, absent any tolling, Plaintiff had six months from March 29, 2013, to file his state law claims.

California tolling statutes for prisoners that exist for statutes of limitations applicable to claims against private defendants do not apply to the filing deadlines set forth by the California Government Claims Act. California Code of Civil Procedure § 352.1(b) explicitly states that the two-year tolling period provided to prisoners under § 352.1(a)

> does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) or Chapter 2 (commencing with Section 910) of Part 3, or Chapter 3 (commencing with Section 950) of Part 4, of Division 3.6 of Title 1 of the Government Code.

Cal. Civ. Proc. Code § 352.1(b). And, even if § 352.1(a) did apply to Plaintiff's state law claims, Plaintiff is not entitled to the tolling provision because he is serving a life sentence without the possibility of parole. *See Brooks*, 1 Cal. App. 5th at 6–7.

In addition, while the Court concluded above that Plaintiff was entitled to tolling of the statute of limitations applicable to his § 1983 claims while he exhausted his prison administrative remedies, Plaintiff is not entitled to this tolling with respect to his state law claims. Plaintiff's obligation to exhaust his administrative remedies under the PLRA applies only to his § 1983 claims and "is independent of the obligation to comply with the Government Claims Act." *McPherson v. Alamo*, No. 15-cv-3145 EMC, 2016 WL 7157634, at * (N.D. Cal. Dec. 8, 2016) (quoting *Parthemore v. Col*, 221 Cal. App. 4th

1372, 1376 (2013)); *see also Martinez v. Tilton*, No. 1:10-cv-01501-SKO PC, 2013 WL 5670869, at *3 (E.D. Cal. Oct. 16, 2013). Plaintiff could have filed his state law claims in state court at any time after March 29, 2013, including while he exhausted his prison administrative remedies with respect to his § 1983 claims.

Plaintiff was required to file his state law claims within six months of March 29, 2013, the date the Claims Board placed Plaintiff's rejection letter in the mail. Plaintiff's complaint was not filed until December 8, 2015, over two years after the expiration of the applicable six-month period. Based on the allegations contained in the complaint, no reasonable trier of fact could conclude that Plaintiff filed his state law claims not later than six months after the Claims Board's rejection notice was mailed to Plaintiff. Accordingly, the Court concludes that Plaintiff's state law claims are untimely and recommends that Defendant's motion to dismiss Plaintiff's state law claims be **GRANTED**.

### V.   CONCLUSION

For the reasons discussed above, it is hereby **RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Defendant Ramos's motion to dismiss be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that any party may file written objections with the court and serve a copy on all parties no later than **January 24, 2017**. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 31, 2017**.

///
///
///
///
///

The parties are advised that a failure to file objections to this Report and Recommendation within the specified time may waive their rights to raise objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 445, 449 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  January 3, 2017

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge