UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MCGINNIS,<br><br>                                Plaintiff,<br><br>v.<br><br>A.T. RAMOS,<br><br>                                Defendant. | Case No.: 15-cv-2812 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO REQUEST APPOINTMENT OF COUNSEL**<br><br>[ECF No. 25] |

Before the Court is Plaintiff's second motion requesting appointment of counsel. (ECF No. 25.) Having reviewed Plaintiff's request for counsel in conjunction with the case record, the Court concludes that Plaintiff fails to meet the criteria for the Court to appoint him counsel. Accordingly, Plaintiff's motion is **DENIED**.

**I.    LEGAL STANDARD**

As stated in the Court's order denying Plaintiff's first motion requesting the appointment of counsel, there is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v.*

*Agyeman*, 545 U.S. 1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.*

## II. DISCUSSION

### A. Likelihood of Success on the Merits

"A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff offers no evidence to the effect that he has a likelihood of success on the merits. In addition, at this stage of the proceedings, there is very little before the Court regarding the merits of Plaintiff's case, other than the assertions in Plaintiff's complaint. As a result, it is difficult at this time for the Court to determine the likelihood that Plaintiff will succeed on the merits of his claim. Accordingly, the Court concludes that Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his request for appointment of counsel.

### B. Ability to Articulate Claims *Pro Se*

Plaintiff's argues that circumstances exist for the appointment of counsel because he cannot prosecute his case effectively given his status as a state prisoner, his limited access to the law library, his lack of knowledge, education, and training about the law, his dyslexia, his indigent status, and the complexity of the case. (ECF No. 25.) As stated in the Court's order on Plaintiff's first motion requesting the appointment of counsel, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by prisoners representing themselves *pro se*. Most of the above circumstances are common to most prisoners and do not establish exceptional circumstances supporting the appointment of counsel. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th

Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

Second, although Plaintiff argues otherwise, the Court has reviewed Plaintiff's complaint and finds that the issues involved in this case are not particularly complex. And, in any event, any purported complexity has not precluded Plaintiff from articulating his claims. Plaintiff's filings to date are well-written and organized, and they demonstrate that Plaintiff is able to understand and articulate the essential facts supporting his claim. Plaintiff's pleadings and other submissions to the Court have also demonstrated that Plaintiff has an adequate understanding of basic litigation procedure. Thus, the second "exceptional circumstances" factor also does not support Plaintiff's request for appointment of counsel.

## III. CONCLUSION

Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's second motion requesting that he be appointed counsel (ECF No. 25) is **DENIED**.

Dated: January 13, 2017

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge