UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>                           Plaintiff,<br>v.<br>A.T. RAMOS,<br><br>                         Defendant. | Case No.: 15-cv-2812 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S THIRD MOTION TO REQUEST APPOINTMENT OF COUNSEL**<br><br>[ECF No. 28] |

Before the Court is Plaintiff's third motion requesting the appointment of counsel. (ECF No. 28.) Having reviewed Plaintiff's request for counsel in conjunction with the case record, and for the reasons below, the Court concludes that Plaintiff fails to meet the criteria for the Court to appoint him counsel. Accordingly, Plaintiff's motion is **DENIED**.

**I.    LEGAL STANDARD**

There is no constitutional right to the appointment of counsel in § 1983 cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit has held that "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, 559 U.S. 906 (2010) (quoting *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom.*, *Gerber v. Agyeman*, 545 U.S.

1

1128 (2005)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983)). Neither of these considerations is dispositive and instead must be viewed together. *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

## II. DISCUSSION

### A. Plaintiff's Likelihood of Success on the Merits of His Claim

Plaintiff's complaint alleges claims of assault, negligence, and a violation of his Eighth Amendment right to be free from cruel and unusual punishment against Defendant Ramos. (ECF No. 1 at 3–5.) However, the Court dismissed Plaintiff's assault and negligence claims on February 3, 2017, on the basis that they are time-barred. (*See* ECF Nos. 23, 27.) Thus, only Plaintiff's Eighth Amendment claim remains pending.

Plaintiff argues in his third motion for appointment of counsel that his "likelihood of success on the merits of his 1983 civil action is good, if not substantial[,] just on the present and current assertions in [his] complaint." (ECF No. 28 at 5–6.) In addition, Plaintiff argues that he has demonstrated a likelihood of success on the merits because his complaint survived the Court's screening process and Defendant's motion to dismiss. (*Id.* at 6.)

Plaintiff's argument that he is likely to succeed on the merits of his claim based on the assertions in his complaint alone is insufficient to support the appointment of counsel under the Ninth Circuit's exceptional circumstances test. To show that he has a likelihood of success at trial, Plaintiff must do more than merely allege that one of his constitutional rights was violated. He must provide evidence to the effect that he has a likelihood of success on the merits of his allegations. *See Torbert v. Gore*, No. 14-cv-2991 BEN (NLS), 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of his likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test."); *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993)

("Without some evidence that he is likely to succeed at trial, plaintiff fails to satisfy . . . [the exceptional circumstances test's] first factor.").

Here, Plaintiff has offered no evidence that supports the allegations made in his complaint. Without such evidence, the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his Eighth Amendment claim. A prison official violates an inmate's Eighth Amendment right to be free from cruel and unusual punishment when he acts with deliberate indifference to a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To prevail on his Eighth Amendment claim against Defendant Ramos, Plaintiff must prove two things. *Id.* at 834. First, Plaintiff must prove that the deprivation he allegedly suffered as a result of Defendant Ramos' conduct was "sufficiently serious." *Id.* For an Eighth Amendment claim based on a failure to prevent harm, Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm. *Id.*

Second, Plaintiff must prove that Defendant Ramos had a "sufficiently culpable state of mind," which, in the context of prisoner § 1983 cases, is one of deliberate indifference. *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). To act with deliberate indifference, a prison official must know of and disregard an excessive risk to an inmate's health or safety. *Id.* at 837. That is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draw the inference. *Id.*

Plaintiff's complaint alleges that on December 11, 2012, Defendant transported Plaintiff to an optometry appointment outside of the prison in which he was incarcerated. (ECF No. 1 at 3.) When Plaintiff and Defendant returned to the prison, Defendant instructed Plaintiff to exit the transport van while Plaintiff was restrained by leg shackles. (*Id.* at 3–4.) Plaintiff alleges that he requested that Defendant remove his leg restraints and place a stable step in front of the van's sliding door. (*Id.* at 4.) Plaintiff alleges further that Defendant did not remove Plaintiff's leg shackles, and he placed a milk crate on the ground in front of the van's door instead of a stepping stool. (*Id.*) When Plaintiff stepped

onto the milk crate to exit the van, the crate slipped from under Plaintiff's foot and Plaintiff fell. (*Id.* at 5.) Plaintiff alleges that he suffered "injuries to [his] left-knee and thigh, and exacerbated and/or made much worse the pre-existing injuries to [his] left-side lower-back and hip." (*Id.*)

After the fall, Plaintiff alleges, Defendant grabbed Plaintiff and pulled him up from the ground forcefully, causing Plaintiff "extreme pain." (*Id.*) Defendant then allegedly forced Plaintiff to walk to the prison's Central Infirmary to seek medical attention while injured, limping, and still restrained by leg shackles. (*Id.*) When a prison medical staff member asked Defendant why he did not use the stepping stool designated for assisting inmates in exiting transportation vans, Defendant allegedly responded that he "didn't have time to get it." (*Id.* at 5–6.)

Without evidence to support Plaintiff's allegations, the Court cannot make a determination that Plaintiff's allegations are true and accurate, that Defendant's alleged conduct posed a substantial risk of serious harm to Plaintiff, and that Defendant Ramos knew of and purposefully disregarded the fact that his actions would result in an excessive risk to Plaintiff's health or safety. Thus, at this early stage of the case, when the parties have not yet engaged in discovery and proffered to the Court evidence in support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed on the merits of his Eighth Amendment claim against Defendant Ramos. *See Garcia v. Smith*, No. 10-cv-1187 AJB (RBB), 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel when it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment).

Further, that Plaintiff's complaint survived the Court's screening process and Defendant's motion to dismiss does not demonstrate that Plaintiff is likely to succeed at trial. The Court's screening standard for determining whether a plaintiff stated a claim upon which relief can be granted is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for determining whether a plaintiff stated a plausible claim for relief. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Rule 12(b)(6) standard tests not whether

4

15-cv-2812 JLS (JLB)

a plaintiff will ultimately prevail on his alleged claim but whether he is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Thus, the Court's screening process and Defendant's motion to dismiss did not test the merits of Plaintiff's claim but rather only whether Plaintiff adequately stated a claim that could potentially have merit.

For the reasons above, the Court finds that this factor does not support the appointment of counsel.

**B.  Plaintiff's Ability to Articulate Claim Without the Assistance of Counsel**

Plaintiff also argues in his third motion for appointment of counsel that a number of circumstances demonstrate that he is unable to articulate his claim *pro se* in light of the complexity of the legal issues involved. First, Plaintiff argues that the Court should appoint him counsel because he is indigent, he has limited access to the law library and legal research materials, he is a layman with no legal experience and training and who is confused by complex legal reasoning and about his responsibilities in the case, and it is difficult for him to obtain the legal assistance of fellow inmates. (ECF No. 28 at 2–3.) As stated in the Court's orders on Plaintiff's first and second motions requesting the appointment of counsel (ECF Nos. 22, 26), these burdens are common to most prisoners representing themselves *pro se* and do not establish the exceptional circumstances that would support the appointment of counsel. *See, e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education).

Second, Plaintiff argues that the Court should appoint him counsel because the issues in this case are complex and will require substantial discovery. (ECF No. 28 at 2–4.) The Court has reviewed Plaintiff's complaint and finds that the issues raised are not particularly complex. As discussed above, Plaintiff is proceeding with a single Eighth Amendment claim against a single defendant concerning an isolated event that involves straightforward factual allegations. The Court is able to understand Plaintiff's claim and the relief that he seeks. Moreover, the need for discovery to develop facts is common to most litigation and

does not automatically qualify the issues in a case as complex. *See Wilborn*, 789 F.2d at 1331; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that while a *pro se* inmate might fare better with counsel during discovery, this is not the test for determining whether to appoint counsel). Accordingly, the Court concludes that Plaintiff's case does not rise to the level of complexity that would support the appointment of counsel.

Third, Plaintiff argues that the Court should appoint him counsel because he suffers from dyslexia, which impairs his ability to read. (ECF No. 28 at 6–7.) Plaintiff argues that his reading impairment is so severe that it prevented him from filing an opposition to Defendant's motion to dismiss. (*Id.* at 7.) A neuropsychological performance assessment of Plaintiff that Plaintiff attached to his third motion for appointment of counsel indicates that Plaintiff's dyslexia places him at a second grade reading level. (*Id.* at 19–20.)

While the Court is sympathetic to Plaintiff's situation, Plaintiff's reading disability, on its own and without a showing that Plaintiff is likely to succeed on the merits of his claim, is insufficient to demonstrate the type of exceptional circumstances that would necessitate the appointment of counsel. *See Molina v. Holland*, No. 1:15-cv-01260-EPG (PC), 2016 WL 7451502, at *2 (E.D. Cal. Dec. 27, 2016) (denying motion for appointment of counsel of inmate who could not speak, read, write, or understand the English language because the court could not make a determination that the plaintiff was likely to succeed on the merits of his claims); *Gholston v. Adams*, No. 1:09-cv-01343-YNP PC, 2010 WL 144312, at *1–2 (E.D. Cal. Jan. 8, 2010) (denying motion for appointment of counsel of 50-year-old developmentally disabled and illiterate inmate because inmate did not demonstrate a likelihood of success on the merits of his claims).

In addition, while Plaintiff argues that his reading impairment prevented him from filing an opposition to Defendant's motion to dismiss (ECF No. 28 at 6–7), a review of Plaintiff's other filings in this case demonstrate that Plaintiff is able to effectively communicate his claim and requests for relief with the Court. To date, Plaintiff has filed a complaint (ECF No. 1), three motions for appointment of counsel (ECF Nos. 21, 25, 28), a successful motion to proceed *in forma pauperis* (ECF No. 3), and two successful motions

for extensions of time to file an opposition to Defendant's motion to dismiss (ECF Nos. 12, 18). All of these filings were well written, organized, and clear. In addition, Plaintiff successfully coordinated with the U.S. Marshals Service to effect service of process on Defendant Ramos. (ECF No. 6.) Thus, Plaintiff has shown that despite his reading disability, he has been able to articulate his claim in light of the relative complexity of his case. *See Thomas v. R.T.C. Grounds*, No. C 13-4367 CW (PR), 2013 WL 6406201, at *4 (N.D. Cal. Dec. 6, 2013) (denying motion for appointment of counsel of illiterate *pro se* prisoner where claims involved were not complex and plaintiff was capable of presenting his claims effectively); *Garcia v. Cal. Dep't of Corr. & Rehab.*, No. 12cv1084 IEG (KSC), 2013 WL 1788595, at *2 (S.D. Cal. Apr. 26, 2013) (denying motion for appointment of counsel of prisoner who claimed to "not understand anything" when he demonstrated a good grasp of basic litigation procedure and an ability to articulate the factual allegations in his complaint through his filings in the case).

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claim and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the pleadings of a *pro se* inmate must be held to less stringent standards than formal pleadings drafted by lawyers). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Thus, as long as a *pro se* litigant is able to articulate his claim in light of the complexity of the issues involved, as Plaintiff is here, the exceptional circumstances that might support the appointment of counsel do not exist.

///
///
///
///

## III. CONCLUSION

Viewing the exceptional circumstances factors together, Plaintiff has not shown a likelihood of success on the merits of his case or that he cannot articulate his claim and litigate this action *pro se*. Accordingly, Plaintiff has not established the exceptional circumstances required for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff's third motion for appointment of counsel (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 17, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge