UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>                              Plaintiff,<br><br>v.<br><br>A.T. RAMOS,<br><br>                              Defendant. | Case No.:  15-cv-2812 JLS (JLB)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 41]** |

Plaintiff Anthony McGinnis, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant A.T. Ramos, a Correctional Officer at Calipatria State Prison, on December 8, 2015.[1]  (ECF No. 1.) Presently before the Court is Defendant Ramos's motion for summary judgment.  (ECF No. 41.)  Plaintiff did not oppose Defendant's motion for summary judgment.

---

[1] Pursuant to the mailbox rule, the Court deems the date Plaintiff delivered his complaint to prison authorities for mailing as the date the document was filed.  *See Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("[T]he *Houston* mailbox rule applies to § 1983 complaints filed by pro se prisoners.") (citing *Houston v. Lack*, 487 U.S. 266, 275–276 (1988)).

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of Defendant's moving and supporting papers, the record in this case, and the applicable law, the Court hereby **RECOMMENDS** that Defendant's motion for summary judgment (ECF No. 41) be **GRANTED**.

## I.    BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, California. (ECF No. 1 at 1.)[2] At the time of the events alleged in Plaintiff's complaint, Plaintiff was located at Calipatria State Prison. (ECF No. 41-3 at 8.)

In his complaint, Plaintiff alleges that the following occurred on December 11, 2012: Defendant Ramos transported Plaintiff to an optometry appointment using a transport van. (ECF No. 1 at 3.) When Plaintiff and Defendant reached the medical facility, Defendant instructed Plaintiff to exit the transport van while Plaintiff was restrained by leg shackles. (*Id.* at 3–4.) Plaintiff requested assistance exiting the van because his mobility was impaired from a prior injury and he was restrained by leg shackles. (*Id.*) Defendant did not remove Plaintiff's leg shackles or physically assist Plaintiff in exiting the vehicle, and instead placed a milk crate on uneven ground to assist Plaintiff. (*Id.* at 4.) As Plaintiff was exiting the van, the milk crate slipped out from under his foot, causing Plaintiff to fall onto his left knee and thigh. (*Id.* at 5.) Defendant grabbed Plaintiff and forcefully pulled Plaintiff onto his feet in a manner that caused Plaintiff extreme pain. (*Id.*) Defendant then required Plaintiff to limp into the medical facility on his own power by "physically prodding him inside." (*Id.*) Plaintiff alleges that he sustained back, hip, leg, and knee injuries as a result of this incident. (*Id.* at 6.)

---

[2] All page number citations in this Report and Recommendation refer to the page numbers generated by the Court's CM/ECF system.

Plaintiff initiated the present action by filing a complaint with this Court on December 8, 2015, almost exactly three years after the incident. (ECF No. 1.) Plaintiff alleges that Defendant's actions amounted to a violation of the Eighth Amendment and to assault and negligence under California law. (*Id.* at 3–5.) On April 26, 2016, Defendant filed a motion to dismiss Plaintiff's claims on the basis that Plaintiff failed to timely file both his federal and state law claims. (ECF No. 9.) Plaintiff did not oppose Defendant's motion to dismiss. On January 3, 2017, this Court issued a Report and Recommendation recommending that Defendant's motion be denied as to Plaintiff's § 1983 claims, but granted as to Plaintiff's state law claims. (ECF No. 23.) The Court recommended denial of Defendant's request to dismiss Plaintiff's § 1983 claims because it was not clear from the face of the complaint how long Plaintiff's claims were tolled while he was exhausting his administrative remedies. (*Id.* at 6–9.) The Court recommended dismissal of Plaintiff's state law claims because Plaintiff failed to timely comply with the requirements of the California Government Claims Act. (*Id.* at 9–11.)

On February 3, 2017, the Honorable Janis L. Sammartino adopted this Court's Report and Recommendation in its entirety and dismissed Plaintiff's state law claims. (ECF No. 27.) Judge Sammartino granted Plaintiff leave to amend his complaint; however, Plaintiff failed to file an amended complaint. (*See id.*) As a result, on June 28, 2017, Judge Sammartino dismissed Plaintiff's state law claims with prejudice. (ECF No. 30.) Only Plaintiff's § 1983 claims remain.

Defendant filed a motion for summary judgment on February 16, 2018. (ECF No. 41.) On February 20, 2018, the Court issued a briefing schedule requiring Plaintiff to file an opposition to Defendant's motion on or before March 9, 2018. (ECF No. 42.) Pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), the Court and Defendant provided Plaintiff with notice of the requirements for responding to a motion for summary judgment under the Federal Rules of Civil Procedure and warned Plaintiff that summary

judgment could end his case. (ECF Nos. 41-2, 42.)[3] Plaintiff did not file an opposition to Defendant's motion for summary judgment.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id*. at 322–23. If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 159–60 (1970).

If the moving party has carried its burden under Rule 56(c), the burden shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). The plaintiff "must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 587 (emphasis in original) (internal citation omitted). "By

---

[3] The notice the Court provided to Plaintiff stated: "When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts from declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. *If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.*" (ECF No. 42 at 2) (emphasis added.)

its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). At summary judgment, inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 588. If the nonmoving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 325.

Each party's position as to whether a fact is disputed or undisputed must be supported by: (1) citation to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) a showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). If a party supports its motion by declaration, the declaration must set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Ordinary *pro se* litigants, like other litigants, must comply strictly with the summary judgment rules. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "*Pro se* inmates are, however, expressly exempted from this rule." *Id*. Courts should "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Id*. In addition, the Court may consider as evidence all contentions "offered [by a plaintiff] in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

This approach "exempts *pro se* inmates from strict compliance with the summary judgment rules, but it does not exempt them from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (citing *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (emphasis in original)). "Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Thus, "when no opposition to a motion for summary judgment is filed and when the moving papers themselves are sufficient to show that no genuine issue of fact exists, the Court may grant summary judgment." *Davies v. Valdes*, 462 F. Supp. 2d 1084, 1087 n.4 (C.D. Cal. 2006) (citing *Henry*, 983 F.2d at 950). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182–83 (9th Cir. 2003); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001).

## III. DISCUSSION

Due to Plaintiff's failure to oppose Defendant's motion for summary judgment, the record on summary judgment is sparse. Although the Court may consider materials in the record not cited to by the parties, Fed. R. Civ. P. 56(c)(3), including Plaintiff's contentions offered in motions and pleadings that are based on personal knowledge, set forth facts that would be admissible in evidence, and that Plaintiff has attested under penalty of perjury are true and correct, *Jones*, 393 F.3d at 923, there is little in the record to consider. In addition to failing to oppose the instant motion, Plaintiff failed to oppose Defendant's motion to dismiss (ECF No. 9), which was granted in part and denied in part (ECF Nos. 23, 27). Plaintiff's unverified complaint is not competent evidence at summary judgment. *Moran v. Selig*, 447 F.3d 748, 759–60 (9th Cir. 2006). Plaintiff filed sworn declarations in support of his motions for an extension of time to oppose Defendant's motion to dismiss (ECF No. 12 at 3–4; ECF No. 15 at 3–4; ECF No. 18 at 3–4), and verified the facts in his motions to appoint counsel (ECF No. 21 at 6; ECF No. 25 at 9; ECF No. 28 at 33). But none of these declarations or verified motions contain facts bearing on the application of the statute of limitations or the merits of this case. (*See*

*id*.) The moving papers are sufficient to show that there is no genuine issue of material fact as to whether Plaintiff filed this action before the statute of limitations expired. Accordingly, the Court **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED**.

### A. Statute of Limitations

Defendant argues that Plaintiff's § 1983 claims for violation of the Eighth Amendment should be dismissed because Plaintiff failed to file his complaint within the two-year period provided by the applicable statute of limitations. (ECF No. 41-1 at 6–9.) The Court agrees.

### 1. Accrual of Plaintiff's Claims

Federal law governs when a § 1983 cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of a claim is not tolled while an inmate exhausts his administrative remedies. *Soto*, 882 F.3d at 871.[4] Instead, accrual is "fixed to the inmate's knowledge of the injurious event." *Id*. at 870. When an "inmate knows of the acts when they occurred and knows that he was injured, the claim accrues." *Id*. at 871. *See also Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

Plaintiff knew he was injured as a result of Defendant's actions on December 11, 2012, the day of the incident. In his deposition, Plaintiff testified that on December 11, 2012, Defendant Ramos did not assist Plaintiff while he was exiting the van, and as a result, Plaintiff slipped on the milk crate and sustained injuries. (ECF No. 41-3 at 10.) Plaintiff testified that when he fell, he "was in too much pain to pay attention to anything else." (*Id*.) Plaintiff received medical attention for his injuries from the fall on the same day. (ECF No. 41-5 at 20.) Plaintiff's claims accrued on December 11, 2012 because he

---

[4] *Accrual* of the claim is not tolled during exhaustion of administrative remedies, but, as discussed below, the *running* of the statute of limitations is.

knew of Ramos' actions and of his injuries at the time they occurred. *See Soto*, 882 F.3d at 871.

### 2. Applicable Statute of Limitations

Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for a personal injury claim to § 1983 claims. *Wallace*, 549 U.S. at 387; *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011). California's statute of limitations for a personal injury claim is two years. Cal. Civ. Proc. Code § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Therefore, absent any tolling, Plaintiff was required to file his claims within two years of December 11, 2012.

### 3. Applicable Tolling Provisions

In § 1983 cases, the law of the forum state also governs tolling of the statute of limitations, "except to the extent any of these laws is inconsistent with federal law." *Jones*, 393 F.3d at 927 (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)); *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("[I]n borrowing a state statute of limitations for a federal cause of action, we follow the Supreme Court's direction to 'borrow no more than necessary.'") (quoting *West v. Conrail*, 481 U.S. 35, 39 (1987)). State tolling provisions govern because "[i]n virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application." *Hardin v. Straub*, 490 U.S. 536, 538 (1989) (quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 484 (1975)).

This Court previously held that the two-year statutory tolling period for the disability of imprisonment provided by § 352.1 of the California Code of Civil Procedure is inapplicable to Plaintiff because he is serving a life sentence without the possibility of parole. ((ECF No. 23 at 8) (citing *Brooks v. Mercy Hosp.,* 1 Cal. App. 5th 1, 6–7 (2016));

ECF No. 27 at 2.)  Thus, the question before the Court is whether Plaintiff is otherwise entitled to tolling.

In California, equitable tolling is a judicially created, nonstatutory policy "which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *J.M. v. Huntington Beach Union High Sch. Dist.*, 2 Cal. 5th 648, 657 (2017) (quoting *Addison v. State of California*, 21 Cal.3d 313 (1978)).  Thus, the limitations period may be tolled "where administrative remedies must be exhausted before a second action can proceed." *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 100 (2008).

Under California law, a plaintiff is entitled to equitable tolling only if three conditions are met: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink*, 192 F.3d at 916 (quoting *Bacon v. City of L.A.*, 843 F.2d 372, 374 (9th Cir. 1988)).  *See also Butler v. Nat'l Cmty. Renaissance of California,* 766 F.3d 1191, 1204 (9th Cir. 2014).  "[T]he second requirement of the equitable tolling analysis, prejudice to the defendant, should be construed liberally in favor of the plaintiff." *Azer v. Connell*, 306 F.3d 930, 937 (9th Cir. 2002) (citing *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1137 (9th Cir. 2001)).  The third requirement of "'good faith' is to be used in its plain and ordinary sense." *Ervin v. Los Angeles Cty.*, 848 F.2d 1018, 1020 (9th Cir. 1988).  Courts have analyzed a party's diligence when determining whether the party acted reasonably and in good faith.  *See, e.g.*, *Azer*, 306 F.3d at 938.  *See also Daviton*, 241 F.3d at 1138 (a court may find bad faith "if a plaintiff simply allowed the statute on his second claim nearly to run or deliberately misled the defendant into believing the second claim would not be filed") (internal quotations omitted); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147,

9

151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

The Prison Litigation Reform Act ("PLRA") requires that a state prisoner exhaust prison administrative remedies before proceeding to federal court. 42 U.S.C. § 1997e(a). Thus, the Ninth Circuit has specifically held that the applicable statute of limitations must be tolled while a prisoner completes this mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005). *See also Soto*, 882 F.3d at 870 ("This circuit recognizes the potential unfairness that can result from the intersection of a rule that a claim accrues when the plaintiff knows of the injury and a rule that requires the plaintiff to exhaust administrative remedies before suing on that claim."). The required administrative steps leading to exhaustion are defined not by the PLRA, but by the prison grievance process itself. *Soto*, 882 F.3d at 869 (citing *Manley v. Rowley*, 847 F.3d 705, 711–12 (9th Cir. 2017)). In California, the exhaustion process is complete when a decision is issued at the third level of review. *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010); Cal. Code Regs. tit. 15, § 3084.1(b).

As to prong one, timely notice, Defendant does not dispute that he had timely notice of Plaintiff's claims by virtue of the grievance Plaintiff filed six weeks after the date of the alleged incident. (*See* ECF No. 41-1; ECF No. 41-3 at 25–31.) As to prong two, prejudice to the defense, Defendant argues only that statutes of limitation serve an important policy interest and "[j]ust determinations of fact cannot be made when, because of the passage of time, the memories of witness have faded or evidence is lost." (ECF No. 41-1 at 7) (quoting *Wallace*, 471 U.S. at 271.) Because Defendant had notice of Plaintiff's claims and the prejudice requirement should be construed liberally in Plaintiff's favor, the Court turns to prong three, "whether plaintiff's conduct has been reasonable and in good faith." *Bacon*, 843 F.2d at 374.

Plaintiff failed to submit competent evidence or respond in any manner to Defendant's motion for summary judgment. However, the record indicates and

Defendant concedes that Plaintiff filed a grievance on January 24, 2013 (ECF No. 41-3 at 13–15) and that a final, third level decision on Plaintiff's appeal of his grievance was issued on September 26, 2013 (*id*. at 30). Plaintiff acted reasonably and in good faith in pursuing the mandatory exhaustion of his administrative remedies. *See McDonald*, 45 Cal. 4th at 100; *Brown*, 422 F.3d at 942–43. He is entitled to tolling during the time period that he was engaged in the exhaustion process—from January 24, 2013 to September 26, 2013.

Even with this tolling of the statute of limitations, however, Plaintiff failed to file his complaint in a timely manner. Six weeks (44 days) passed between the date of the incident, December 11, 2012, and the day Plaintiff filed his grievance, January 24, 2013. Once Plaintiff's administrative remedies were exhausted on September 26, 2013, and the statute of limitations began to run again, Plaintiff had until August 13, 2015 (686 days) to file his complaint. Plaintiff waited until December 8, 2015 to file his complaint, almost four months after the limitations period expired. (ECF No. 1.) In total, on the record before the Court, Plaintiff took no action for 847 non-excluded days before he filed his complaint. There is no evidence from which the Court could reasonably infer that Plaintiff's delay in filing was reasonable and in good faith. As a result, Defendant has met his burden to establish that there is no genuine issue of material fact that Plaintiff filed this action after the expiration of the statute of limitations, even taking into account tolling while Plaintiff exhausted his administrative remedies. *See Ervin*, 848 F.2d at 1020 (year and a half wait to file second complaint was unreasonable and not in good faith); *Easley v. Cty. of El Dorado Prob. Dep't*, 478 F. App'x 447 (9th Cir. 2012) ("The district court did not abuse its discretion in concluding that the statute of limitations was not equitably tolled on Easley's § 1983 claims because Easley failed to establish that he acted with diligence and good faith in filing suit after his prior, factually-related action was dismissed for failure to prosecute.").

The Court notes that the record contains an issue of fact as to when Plaintiff received the third level decision. This is not a *genuine* issue of *material* fact as there is no indication that the unknown date of receipt is in any way related to Plaintiffs dilatory filing of the complaint. Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts," and must instead "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). In his deposition, Plaintiff testified that he received the third level decision, but could not remember the exact date that he received it.[5] On the record before the Court, Plaintiff does not testify (or allege in his complaint) that he delayed in the filing of his complaint because he did not receive the third level decision until long after it was issued. (*See* ECF No. 41-3 at 18–20.) It would be unreasonable to infer that Plaintiff acted reasonably and in good faith by not filing a complaint until 803 days after his administrative remedies were exhausted simply because on the day of his deposition Plaintiff could not remember exactly when he received the third level decision. *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587.

As a *pro se* inmate, Plaintiff is exempt from strict compliance with the summary judgment rules, "[b]ut we do not entirely release him from any obligation to identify or submit some competent evidence supporting [a] claim for equitable tolling." *Soto*, 882

---

[5] The third level decision was mailed to Plaintiff at RJDCF on or about September 30, 2013. (ECF No. 41-4 at 2.) In his deposition, Plaintiff testified that he received the third level decision, he was in possession of a document that would indicate the exact date that he received it, but could not at the time of his deposition remember when he received the decision. (ECF No. 41-3 at 18–20.) Plaintiff first testified that he may have received the third level decision in September 2013 (*Id*. at 18–19), but went on to testify that although he was at RJDCF as of September 26, 2013, he could not have received the decision in September or October 2013 "because [he] transferred" and the decision was initially sent to Calipatria State Prison and then rerouted to RJDCF (*id*. at 19–20). Plaintiff's testimony is directly contradicted by the face of the third level decision, which indicates that the decision was addressed to Plaintiff at RJDCF. (*Id*. at 30.) Regardless of whether the third level decision was rerouted to RJDCF, Plaintiff's testimony simply amounts to a statement that Plaintiff does not recall when he received the decision.

F.3d at 872.[6]  Not only did Plaintiff fail to include any allegations in his (unverified) complaint explaining the reason that he was unable to timely file his complaint, "he failed to submit any declaration, affidavit, authenticated document, or other competent evidence to that effect." *Id*. at 873.[7]  Plaintiff's numerous motions demonstrate that Plaintiff knew how to file sworn declarations and verified statements. (*See* ECF Nos. 12, 15, 18, 21, 25, 28.)  The absence of any evidence in the record, competent or not, to suggest that Plaintiff is entitled to equitable tolling for any amount of time before or after the exhaustion of his administrative remedies merits the finding that no rational trier of fact could conclude that Plaintiff filed this action within the statute of limitations.  *See Ray v. Leal*, No. 11-CV-05550-YGR (PR), 2015 WL 1501056, at *8–9 (N.D. Cal. Mar. 31, 2015), *aff'd,* 633 F. App'x 401 (9th Cir. 2016) (denying equitable tolling for periods when plaintiff presented no evidence of pursuing administrative remedies in good faith).

Defendant has met his burden to establish that there is no genuine issue of material fact as to whether Plaintiff filed this action within the statute of limitations.  The Court **RECOMMENDS** Defendant's motion for summary judgment be **GRANTED** on the basis that Plaintiff filed this lawsuit after the limitations period expired.

### B.  Merits of Plaintiff's Eighth Amendment Claims

Plaintiff alleges that during the December 11, 2012 incident Defendant Ramos acted with deliberate indifference in violation of the Eighth Amendment.  (ECF No. 1.) Defendant argues that there is no genuine issue of material fact as to whether Defendant acted with deliberate indifference because Defendant's actions were, at most, negligent. (ECF No. 41-1 at 9–11.)  Because Plaintiff's failure to file within the statute of limitations

---

[6] As stated above, pursuant to *Rand v. Rowland*, both the Court and Defendant provided Plaintiff with notice of the requirements for responding to a motion for summary judgment under the Federal Rules of Civil Procedure and warned Plaintiff that summary judgment could end his case.  (ECF Nos. 41-2, 42.)

[7] Plaintiff was put on notice that the Court required evidence to determine the amount of time Plaintiff was entitled to tolling while he exhausted his administrative remedies when the Court declined to recommend dismissal of his claims on this basis at the motion to dismiss stage.  (ECF No. 23 at 8–9.)

is a sufficient basis to grant Defendant's motion for summary judgment and to dispose of this case, and due to the sparse record before the Court on the merits of Plaintiff's claims, the Court declines to analyze the merits of Plaintiff's Eighth Amendment claims.

## IV.     CONCLUSION

For the reasons discussed above, it is hereby **RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Defendant Ramos's motion for summary judgment be **GRANTED**.

**IT IS ORDERED** that any party may file written objections with the Court and serve a copy on all parties no later than **July 23, 2018**. The document shall be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 6, 2018**.

The parties are advised that a failure to file objections to this Report and Recommendation within the specified time may waive their rights to raise objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  June 25, 2018

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge