UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGINNIS,<br><br>                             Plaintiff,<br>v.<br>A.T. RAMOS,<br>                             Defendant. | Case No.: 15-CV-2812 JLS (JLB)<br><br>**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**<br><br>(ECF Nos. 41, 46, 55) |

Presently before the Court is Defendant A.T. Ramos' Motion for Summary Judgement ("MSJ," ECF No. 41). Also before the Court is Magistrate Judge Jill L. Burkhardt's Report and Recommendation recommending that the Court grant Defendant's Motion ("R&R," ECF No. 46). Plaintiff filed Objections to the R&R ("Objs.," ECF No. 57). Defendant did not file a Reply. After considering the Parties' arguments and the law, the Court (1) **OVERRULES** Plaintiff's Objections, (2) **ADOPTS** the R&R in its entirety, and (3) **GRANTS** Defendant's Motion for Summary Judgement.

///

# BACKGROUND

Magistrate Judge Burkhardt's R&R contains an accurate recitation of the relevant factual and procedural history underlying the instant Motion. *See* R&R at 2–4. This Order incorporates by reference the background as set forth therein.

# LEGAL STANDARDS

## I. Report and Recommendation Review

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 510 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

## II. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the

///

evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* When a party seeks summary judgment as to an element for which it bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

Courts liberally construe filings and motions of pro se inmates and avoid applying summary judgment rules strictly to pro se inmates. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). Further, courts will consider both verified pleadings and verified motions, "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the inmate] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

# ANALYSIS

## I. Summary of the R&R

Magistrate Judge Burkhardt considered Defendant's arguments that (1) Plaintiff failed to file his complaint within the established limitations period, and (2) even assuming the truth of the allegations, Plaintiff does not meet the standard required for a finding of deliberate indifference under the Eighth Amendment. *See* MSJ at 1. After reviewing the record and the law, Magistrate Judge Burkhardt concluded that Plaintiff failed to file his complaint within the applicable statute of limitations period. R&R at 7, 13.

To determine if Plaintiff filed his claim timely, Magistrate Judge Burkhardt first determined that Plaintiff's claims accrued on December 11, 2012, which is the date the incident occurred and when Plaintiff received medical treatment. *Id.* at 7–8. Next, Magistrate Judge Burkhardt determined that "because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for a personal injury claim to § 1983 claims." *Id.* at 8 (citing *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011)). "California's statute of limitations for a personal injury claim is two years." *Id.* (citing Cal. Civ. Proc. Code § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). Plaintiff filed his Complaint on December 8, 2015, "almost exactly three years after the incident." *Id.* at 3. Thus, absent any tolling, Plaintiff's claims would be barred as untimely filed. *See id.* at 8.

Based on the applicable California and Ninth Circuit equitable tolling law, Magistrate Judge Burkhardt determined that Plaintiff was entitled to tolling. *Id.* at 9–11. Under the Prison Litigation Reform Act, prisoners must exhaust prison administrative remedies before proceeding to federal court, and the applicable statute of limitations must be tolled while the prisoner completes this process. *Id.* at 10 (citing *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005)). "Under California law, a plaintiff is entitled to equitable tolling only if three conditions are met: '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith.'"

4

*Id.* at 9 (quoting *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999)). Magistrate Judge Burkhardt found that Plaintiff timely noticed Defendant of his claim, Defendant was not prejudiced by having to defend the claim, and, although Plaintiff failed to submit any evidence, the record indicated that he acted in good faith in pursuing the mandatory exhaustion of his administrative remedies. *Id.* at 10–11. Based on these findings, Magistrate Judge Burkhardt concluded that Plaintiff was "entitled to tolling during the time period he was engaged in the exhaustion process—from January 24, 2013 to September 26, 2013." *Id.* at 11.

Despite the tolling during this period, Magistrate Judge Burkhardt found Plaintiff failed timely to file his Complaint. *Id.* After calculating the days tolled, Magistrate Judge Burkhardt concluded that Plaintiff had until August 13, 2015 to file his claim, but he did not file until December 8, 2015, "almost four months after the limitations period expired." *Id.* Magistrate Judge Burkhardt then found that there was "no evidence from which the Court could reasonably infer that Plaintiff's delay in filing was reasonable and in good faith." *Id.* Thus, Magistrate Burkhardt concluded that there was "no genuine issue of material fact that Plaintiff filed this action after the expiration of the statute of limitations, even taking into account tolling while Plaintiff exhausted his administrative remedies." *Id.*

## II. Plaintiff's Objections

Plaintiff does not raise any objections concerning Magistrate Judge Burkhardt's findings concerning the applicable statute of limitations or the date Plaintiff's claims accrued, and the Court finds no clear error in these findings. The Court therefore must agree with Magistrate Judge Burkhardt that Plaintiff's claims are barred, unless Plaintiff is entitled to additional tolling. In his Objections, Plaintiff argues that Magistrate Judge Burkhardt was incorrect in finding the statute of limitations expired because several factors warrant additional equitable tolling, including: (A) Plaintiff's status as a state prisoner; (B) Plaintiff's alleged mental disability; (C) lack of access to legal resources, including the law library; and (D) Defendant's failure to provide a CDC 7291 injury report. Objs. at 3–4. The Court will review each of Plaintiff's Objections de novo.

### A. Status as a State Prisoner

Plaintiff argues that "he is a state prisoner without change in status of ongoing term in custody" and therefore entitled to tolling. Objs. at 3. The Court has previously found that Plaintiff's status as a prisoner does not qualify as a disability permitting equitable tolling under California law. ECF No. 23 at 8 (citing *Brooks v. Mercy Hosp.*, 1 Cal. App. 5th 1, 6–7 (2016)), *adopted in its entirety*, ECF No. 27 at 2. The Court must once again agree that Plaintiff is not entitled to tolling based on his status as a prisoner.

### B. Legal Capacity

Plaintiff claims "mental instability" as a reason that the Court should toll the statute of limitations. Objs. at 3. Under California law, the statute of limitations is tolled "[i]f a person entitled to bring an action . . . is, at the time the cause of action accrued[,] . . . lacking the legal capacity to make decisions." Cal. Civ. Proc. Code § 352(a). To prove he lacked legal capacity, Plaintiff must show that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Alcott Rehab. Hosp. v. Super. Ct.*, 93 Cal. App. 4th 94, 101 (2001). A diagnosis of a mental impairment by itself is insufficient to prove tolling is appropriate, however, because "a person adjudged mentally ill . . . may nevertheless be capable of transacting business and carrying out his affairs, either during lucid intervals or throughout his hospitalization. *Hsu v. Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 572–73 (1968).

Here, Plaintiff has introduced no evidence that supports a finding that tolling is appropriate under Section 352(a). The only support for this contention is his request for an attorney, filed with prison officials on August 17, 2018 and attached to his Objections. *See* Objs. at 13. In the request, Plaintiff states he is dyslexic. *Id.* Additionally, Plaintiff claims that his "mental incapacities" lead to "trouble with decision making" and "affect[] [his] reading/writing." Objs. at 4. But Plaintiff provides no evidence that at the time his claim accrued he was unable to transact business (such as filing a legal action) or carry out his affairs. Therefore, Plaintiff is not entitled to equitable tolling under Section 352(a).

///

Equitable tolling based on his "mental impairment" is similarly not available under equitable tolling. Absent an express tolling provision like Section 352, the court can consider equitable tolling to extend the period in which to bring a claim. *See Capital Tracing, Inc. v. United States*, 63 F.3d 859, 862 (9th Cir. 1995). As noted above, a plaintiff is entitled to equitable tolling in California only if three conditions are met: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." R&R at 9 (quoting *Fink*, 192 F.3d at 916). Although the record indicates that the first two requirements are met, Plaintiff provides no evidence that he acted reasonably and in good faith at the time the claim accrued but lacked the capacity to file his claim. Without such evidence, Plaintiff is not entitled to equitable tolling.

### C. *Access to Legal Resources*

Plaintiff argues that disruptions in his access to legal services is the reason for his inability to submit a complaint before the limitations period. Objs. at 3. This contention, however, is unsupported by any evidence in the record. Plaintiff has failed to show he took reasonable steps to file a complaint timely and that the alleged disruptions stopped his good faith effort. Moreover, "limitations on law library access and research materials are not extraordinary, but rather are normal conditions of prison life. . . . [Plaintiff] has not shown how any specific instance of allegedly inadequate access or materials caused him to be unable to file a timely [Complaint]." *See Koon v. Barnes*, No. 1:11-cv-00131-BAM-HC, 2014 WL 3615146, at *6 (E.D. Cal. July 21, 2014) (citing *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010)).

### D. *Failure to Provide Injury Report*

Finally, Plaintiff argues that Defendant failed to provide him with a CDC 7219 injury report following the alleged incident. Objs. at 3. Equitable tolling based on a failure to provide documents is only applicable "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178–79 (9th Cir. 2000), *rev'd on other grounds*, *Socop-Gonzalez v. INS*,

7

15-CV-2812 JLS (JLB)

272 F.3d 1176, 1194–96 (9th Cir. 2001). Despite allegedly not receiving the report, Plaintiff still filed his administrative grievance timely, showing he was aware of a possible claim absent the report. Because Plaintiff was aware of his possible claim before receiving the report, yet did nothing to file his claims timely, the Court finds Plaintiff did not act reasonably or in good faith. Equitable tolling is therefore not available on this ground.

## CONCLUSION

Based on the foregoing, the Court:

1. **OVERRULES** Plaintiff's Objections (ECF No. 57);
2. **ADOPTS** the R&R in its entirety (ECF No. 46);
3. **GRANTS** Defendant's Motion for Summary Judgement on Plaintiff's claims (ECF No. 41); and
4. **DENIES** Plaintiff's Motion to appoint counsel (ECF No. 55).

**IT IS SO ORDERED.**

Dated: July 31, 2019

Hon. Janis L. Sammartino
United States District Judge